UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WESTERN STATES TRUCKING ASSOCIATION,

Plaintiff,

v.

ANDRE SCHOORL, Acting Director of the California Department of Industrial Relations; XAVIER BECERRA, Attorney General of the State of California, and DOES 1-50,

Defendants.

No. 2:18-cv-1989-MCE-KJN

**ORDER**

Plaintiff Western States Trucking Association ("Western States") filed the present lawsuit on July 19, 2018, to challenge that a recent standard established by the California Supreme Court in <u>Dynamex Operations West, Inc. v. Superior Court</u>, 4 Cal. 5th 903 (2018) ("<u>Dynamex</u>"). According to Plaintiff, a trade organization representing companies that provide trucking services, the standard articulated by <u>Dynamex</u> for determining whether a worker in the transportation industry is an employee or independent contractor for purposes of California Wage orders is preempted by the Federal Aviation Administration Authorization Act ("FAAAA") and the Federal Motor Carrier Safety Regulations. Western States further contends that the Dynamex standard violates the dormant Commerce Clause of the United States Constitution.

The International Brotherhood of Teamsters ("IBT") now moves to intervene in Western States' lawsuit as a matter of right under Federal Rule of Civil Procedure 24(a)(2).[1] Alternatively, IBT seeks permissive intervention under Rule 24(b). Both Western States and Defendants Andre Schoorl and Xavier Becerra, the Acting Director of the California Department of Industrial Relations and the Attorney General for the State of California, respectively (collectively "Defendants" unless otherwise noted) have separately filed oppositions to IBT's intervention request. ECF Nos. 12 and 13. IBT has replied to both those oppositions. ECF No. 15. As set forth below, IBT's Motion to Intervene will be granted under Rule 24(a).

The Ninth Circuit's recent decision in Allied Concrete and Supply Co. v. Baker, 904 F.3d 1053 (9th Cir. 2018) articulates the standard to be employed in ruling on a motion for intervention as of right under Rule 24(a):

> To determine whether a party may intervene as of right, we employ a four-part test: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable interest" in the action; (3) the disposition of the action must as a practical matter impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest may be inadequately represented by the other parties.

Id. at 1067, citing Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied." Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009).

Applying those criteria to the present matter, we first address whether IBT's application to intervene is timely. Three factors must be considered in making that determination: (1) the stage of the proceeding at which intervention is sought; (2) any prejudice to the existing parties; and (3) the reason for and length of any delay. United States v. Oregon, 913 F.2d 576, 588-89 (9th Cir. 1990). Here, as IBT points out, it sought to intervene that the very outset of litigation, on literally the same day that

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

2

Defendants filed a motion to dismiss and before either a Rule 26(f) conference had occurred or any discovery had commenced. As such, according to IBT, there has been no delay in filing this motion and intervention will not prejudice any existing party on that basis. See, e.g., Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996) (motion to intervene deemed timely because it was filed before any proceedings had taken place, with no party being prejudiced because the motion was filed before any substantive rulings had been made). Neither Western States or Defendants take any issue with the timeliness of Plaintiff's application for intervention, and therefore the Court deems that requirement satisfied.

The second requirement for intervention as a matter or right is whether the applicant can demonstrate a "significantly protectable interest" in the case. Rule 24(a)'s requirement that an "interest related to the property or transaction" be present should be construed expansively. See Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 132-36 (1967). Moreover, given the liberal policy in favor of intervention, a would-be intervenor's interest is deemed "significantly protectable" under the Ninth Circuit's test when it "is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue" such that the intervenor may "suffer a practical impairment of its interests as a result of the pending litigation." Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d at 1179.

Here, according to IBT, it has such an interest because the misclassification of transportation workers as independent contractors would affect the wages and job opportunities of IBT members. If the current standard for assessing whether workers qualify as employees under Dynamex is changed, for example, IBT claims that its members who want to work as employees would be denied those opportunities. Western States, on the other hand, contends that IBT's argument in this regard is too speculative and far removed from the core issues raised by its complaint to justify intervention. That argument, however, ignores Ninth Circuit precedent. In Californians for a Safe and Competitive Dump Truck Transportation v. Mendonca, 152 F.3d 1184

(9th Cir. 1998), the Court considered whether the district court's decision to deny intervention as a matter of right was proper under circumstances where, as here, the IBT sought to intervene to protect its members' interests in receiving appropriate wages. In Mendonca, the Ninth Circuit found the lower court's decision to be in error given IBT members' "'significant interest' in receiving a prevailing wage for their services . . . " Id. at 1190.   Significantly, too, in another decision earlier this year, the Ninth Circuit considered analogous circumstances involving the propriety of the IBT's intervention in a case challenging the applicability of prevailing wage laws to delivery drivers of ready-mix concrete.  In Allied Concrete, supra, the Court reiterated that IBS members had a "significant interest" in the litigation sufficient to justify intervention as a matter of right. 152 F.3d at 1190.  Consequently, given the holdings in both Allied Concrete and Mendonca, we must also conclude that IBT has shown the requisite protectable interest.

     This Court is no more persuaded by the arguments raised by both Western States and Defendants that IBT's interests will not be affected in the absence of intervention, and consequently cannot meet the third test under Rule 24(a).  Inquiry under that third prong hinges on whether denying intervention "will result in practical impairment" for the interests of  proposed intervenors.  Yniguez v. Arizona, 939 F.2d 727, 735 (9th Cir. 1991); see also Fed. R. Civ. P. 24(a)(2), Advisory Committee note to 1966 Amendment ("if an [applicant' would be substantially affected in a practical sense by the determination made in an action, [the applicant' should, as a general rule, be entitled to intervene.").  Again, in the Court's view, the Ninth Circuit's decisions in Mendonca and Allied Concrete are determinative on this issue.  In both cases, the Court found the inquiry satisfied since invalidation of the law being challenged would impair the interests of IBT and its members.  Mendonca, 152 F.3d at 1190; Allied Concrete, 904 F.3d at 1068.

     As a final matter, the Court must address the fourth and last requirement for intervention as a matter of right under Rule 24(a).  That requirement rests on whether the intervention applicant's interest is inadequately represented by the existing parties,

and "is satisfied if the applicant shows that representation of his interest 'may be' inadequate, and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972). Once again, the Ninth Circuit's Mendonca and Allied Concrete decisions are dispositive. In both instances, the Court found that "because the employment interest of IBT's members were potentially more narrow and parochial that the interests of the public at large, IBT demonstrated that the representations of its interest by [existing parties' may have been inadequate." Mendonca, 152 F.3d at 1190; see also Allied Concrete, 904 F.3d at 168 (same). While both Western States and Defendants argue that the existing parties will adequately represent IBT's interests, with Defendants in particular asserting that the California Attorney General and the Director of California's Department of Industrial Relations have more interest than anyone in defending and ensuring faithful application of state wage orders and labor laws, that argument even if correct does not detract from the Ninth Circuit's virtually on-point findings in Mendonca and Allied Concrete.

In sum, IBT is entitled to intervene as a matter of right under Rule 24(a)(2), and its Motion seeking such intervention (ECF No. 8) is GRANTED.[2] Because the Court finds intervention appropriate under Rule 24(a)(2), it need not consider whether intervention is alternatively appropriate under Rule 24(b). IBT's Complaint in Intervention must be filed not later than ten (10) days following the date of this Order.

Inasmuch as the IBT has been permitted by this Order to intervene as a matter of right, its Motion for Leave to File Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (ECF No. 16) has effectively been rendered moot and will be DENIED on that basis. Defendants' alternative request that it be permitted to file its papers as an amicus brief (also made in its Motion for Leave) is consequently rendered moot as well. IBT's papers in support of Defendants' Motion to Dismiss (ECF No. 6) will be considered by the Court in ruling upon that Motion given its now-conferred intervenor

---

[2] Because the Court determined that oral argument was not of material assistance, this matter was submitted on the briefs. E.D. Local Rule 230(g).

5

status, and IBT will be further permitted to participate in oral argument on that Motion, now scheduled for November 15, 2018, on that same basis.

IT IS SO ORDERED.

Dated: November 13, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE